Alston ✓

FILED

JUL 1 7 2024

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

RECEIVED

JUL 1 5 2024

CLERK, U.S. DISTRICT COURT
____D, VA

Kathleen Hedrick and Lawrence Charles,
Plaintiff's,

v.

Loudoun County, et al.,

Civil Action No. 124cv1257

Complaint

## INTRODUCTORY STATEMENT

1. This is an action for damages sustained by citizens of the United States against employees of the Loudoun County Sheriff Office and Loudoun County Department of Family Services, who unlawfully seized plaintiff child, retaliated, and harassed Plaintiff's, and against the Loudoun County sheriff as the supervisory officer responsible for the conduct of the Loudoun County Sheriff staff and for his failure to take corrective action with respect to Loudoun Sheriff's staff whose vicious propensities were notorious, to assure proper training and supervision of the personnel, or to implement meaningful procedures to discourage lawless official conduct, and against the director of Loudoun County

pg 1

Department Family Services as the supervisory officer responsible for the conduct of Loudoun County Department of Family Services staff members and for his/her failure to take corrective action with respect to Loudoun County Department of Family Services personnel whose bad conduct were notorious, to assure proper training and supervision of the personnel, or to implement meaningful procedures to discourage lawless official conduct, and against the County of Loudoun as the employer of the Loudoun County Sheriff Office and Loudoun County Department of Family Services staff members which is sued as a person under 42 U.S.C § 1983.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C §§ 1983, and 1985, and 1986, and 1988, 42 U.S.C § 122202, and the first, fourth, fifth, eighth, nineth, and fourteenth amendments to the Constitution of the United States.

3. The Jurisdiction of this Court is predicated on 28 U.S.C §§ 1343 (3) and (4) and 1331.

pg 2

# PARTIES

4. Plaintiff Kathleen Hedrick is a resident of Loudoun County, and at all times relevant to the allegations of this Complaint was a resident of Loudoun County and a citizen of the United States.

5. Plaintiff Lawrence Charles is a resident of Loudoun County, and at all times relevant to the allegations of this Complaint was a resident of Loudoun County and a citizen of the United States.

6. At all times relevant hereto, defendant Mike Chapman was Sheriff employed by the Loudoun County Sheriff Office to perform duties in the County of Loudoun, with his principal address, 803 Sycolin Road NE, Leesburg, Virginia. At all relevant times, he was acting in such capacity as the agent, servant, and employee of defendant County of Loudoun. He is sued individually and in his official capacity.

7. At all times relevant hereto, defendant Lorraine Goldberg was a detective employed by the Loudoun County Sheriff Office to perform duties in the County of Loudoun, with her principal address, 803 Sycolin Road NE, Leesburg, Virginia. At all relevant times,

PS3

She was acting in such capacity as the agent, servant, and employee of defendant County of Loudoun. She is sued individually and in her official capacity.

8. At all times relevant hereto, defendant Amelia Katherine Flynn was assistant Commonwealth attorney employed by the Loudoun Commonwealth Attorney's Office to perform duties in the County of Loudoun, with her principal address, 2 Church Street, Leesburg, Virginia. At all relevant times, she was acting in such capacity as the agent, servant, and employee of defendant County of Loudoun. She is sued individually and in her official capacity.

9. At all times relevant hereto, defendant Ronald Anderson, was Commonwealth Attorney employed by the Loudoun Commonwealth Attorney's Office to perform duties in the County of Loudoun, with his principal address, 2 Church Street, Leesburg, Virginia. At all relevant times, he was acting in such capacity as the agent, servant, and employee of defendant County of Loudoun. He is sued individually and in his official capacity.

10. At all times relevant hereto, defendant Heather Buller, was a ICPC specialist/Post-adoption specialist employed by Loudoun County Department of Family

pg 4

Services to perform duties in the County of Loudoun, with her principal office address, 102 Heritage Way NE, Leesburg, Virginia. At all times relevant, she was acting in such Capacity as the agent, servant, and employee of defendant County of Loudoun. She is sued individually and in her official Capacity.

11. At all times relevant hereto, defendant Lyle Davidson, was a case worker, employed by the Loudoun County Department of Family Services, with his principal office address, 102 Heritage Way NE, Leesburg, Virginia. At all relevant times, he was acting in such capacity as the agent, servant, and employee of defendant County of Loudoun. He is sued individually and in his official Capacity.

12. At all times relevant hereto, defendant Heather Sabbatino, was an employee, employed by the Loudoun County Department of Family Services, with her principal office address, 102 Heritage Way NE, Leesburg, Virginia. At all relevant times, she was acting in such Capacity as the agent, servant, and employee of defendant County of Loudoun. She is sued individually and in her official Capacity.

pg 5

13. At all times relevant hereto, defendant Sheri Bonds, was a employee, employed by the Loudoun County Department of Family Services, with her principal office address, 102 Heritage Way NE, Leesburg, Virginia. At all relevant times, she was acting in such capacity as the agent, servant, and employee of defendant County of Loudoun. She is sued individually and in her official capacity.

14. At all times relevant hereto, defendant Lindsay McCarty, was a employee, employed by the Loudoun County Department of Family Services, with her principal office address, 102 Heritage Way NE, Leesburg, Virginia. At all times relevant, she was acting in such capacity as the agent, servant, and employee of defendant County of Loudoun. She is sued individually and in her official capacity.

15. At all times relevant hereto, defendant Ina Fernandez, was director, employed by the Loudoun County Department of Family Services, with her principal office address, 102 Heritage Way NE, Leesburg, Virginia. At all relevant times, she was acting in such capacity as the agent, servant, and employee of defendant County of Loudoun. She is sued individually and in her official capacity.

16. The defendant County of Loudoun (hereinafter "County") is a municipal corporation within the state of Virginia and, at all relevant times, it employed all the defendants.

17. At all times relevant hereto and in all their actions described herein, all defendants were acting under color of law and pursuant to their authority.

## FACTUAL ALLEGATIONS

18. On September 1, 2022 Plaintiff Hedrick, Plaintiff Charles, and associate Norman Fry started a i.t/telecommunications business. Based on inside connections that Plaintiff Charles had, their company CFH Technology Services LLC was able to land multiple business contracts immediately. Making their company profitable overnight.

19. Plaintiff Hedrick is a white woman, who has mental disabilities including autism and ptsd. At the time that Plaintiff Hedrick, Plaintiff Charles, and Norman Fry started their business, Plaintiff Hedrick was involved with Cps, due to her oldest son Chase Napier.

20. Chase Napier's grandmother had made reports to Loudoun County Department of Family Services,

pg 7

"That Chase had been abused by Plaintiff Hedrick, former boyfriend 'Milan Patel'". The Loudoun County Sheriff filed Charges against Milan Patel, but Charges were eventually dismissed. Plaintiff Hedrick was never charged with any crime, but was still required to take therapy and classes.

21. Defendants Buller, Bonds, Sabbatino, McCarty, Lyle, were aware of Plaintiff Hedrick disabilities, and decided to exploit them. The more people that Loudoun County Department of Family Services referred to their different programs, the more money it got from the state. More money equals more promotions, So Case workers were encouraged to refer people into these programs. Plaintiff Hedrick was enrolled in these programs, even though She was never Charged with a crime, and never asked to be enrolled.

22. In the early weeks of September, 2022 Plaintiff Hedrick wasn't feeling well. Plaintiff Hedrick reached out to Plaintiff Charles and asked, "Can you watch both my Sons, while I run to the E.R ?". Plaintiff Charles agreed, and went over to Plaintiff Hedrick house. Plaintiff Charles had known Plaintiff Hedrick and her son Chase for over 10 years. Chase was comfortable with Plaintiff Charles watching him and so was Plaintiff Hedrick younger Son.

Pg 8

23. Plaintiff Hedrick was getting ready to head out her front door, when her phone began to ring. Plaintiff Hedrick picked up the phone, and answered. It was defendant Buller, she wanted to come over immediately. Plaintiff Hedrick responded, "I'm about to go and get a Covid check, I don't feel so well". Defendant Buller asked, "Who are the kids with?". Plaintiff Hedrick responded, "My friend and business partner Larry". Defendant Buller asked, "Can I get his number?". Plaintiff Hedrick texted her the number.

24. Plaintiff Hedrick didn't leave, and waited for defendant Buller to call Plaintiff Charles. 5 minutes went by, and defendant Buller called Plaintiff Charles. Plaintiff Charles responded in a professional manner, like he does for his clients by saying "Larry Charles speaking. How may I help you?". Defendant Buller introduced herself, as a Caseworker for Cps. Defendant Buller asked Plaintiff Charles, "How do you know Plaintiff Hedrick?" Plaintiff Charles answered, "I've known Plaintiff Hedrick for a long time, and we're business partners". Defendant Buller then said, "Well Plaintiff Hedrick is a bad mother, and a terrible person, that's why Cps is calling your phone". Plaintiff Charles responded, "I've known Katie a long time, and I think she's a great person". Defendant Buller replied, "No

Pg 9.

She's a bad mom!". Plaintiff Charles replied "I don't think I want to have this conversation", and hung up phone.

25. Defendant Buller didn't know she was on speaker and Plaintiff Hedrick heard her conversation with Plaintiff Charles. Defendant Buller called Plaintiff Hedrick 3 minutes after defendant Buller got off the phone with Plaintiff Charles. Defendant Buller told Plaintiff Hedrick, "Plaintiff Charles was rude to her". Plaintiff Hedrick didn't say anything, and got off the phone.

26. Plaintiff Charles heard what defendant Buller said to Plaintiff Hedrick, and texted Defendant Buller "I don't appreciate you lying on my name, I'd appreciate it, if you have your supervisor call me". Plaintiff Hedrick and Plaintiff Charles also sent emails to defendant Bullers superiors explaining defendants Buller behavior.

27. A day after Plaintiff Charles and Plaintiff Hedrick sent an email complaining about defendant Buller behavior. Defendant Buller sent Plaintiff Hedrick a text stating "Cps had decided to remove her son Chase from her custody due to Plaintiff Charles being dangerous". Defendant Buller was retaliating against Plaintiff's for filing a complaint against her in violation of

Pg 10

their first amendment rights.

28. Defendant Buller didn't state how Plaintiff Charles was dangerous. Defendant Buller went up to Plaintiff Hedrick son's Chase School and removed him without probable cause in violation of Plaintiff Hedrick fourth and fourteenth Amendment. Defendant Buller didn't even have a court hearing, and didn't even provide any evidence Plaintiff Charles was dangerous.

29. Defendants Buller, Sabbatino, Bonds, McCarty, and Plaintiff Hedrick had a video conference call in the end of September 2022. Plaintiff Charles was in the background listening in. During the meeting defendant Buller stated, "She (Buller) didn't feel Plaintiff Hedrick son Chase was safe around Plaintiff Charles, and she had ran a background check on Plaintiff Charles without him knowing".

30. Defendants stated that "Plaintiff Hedrick needed to stop doing business with Plaintiff Charles". Defendants ordering Plaintiff Hedrick to stop doing business with Plaintiff Charles violated her 1st and 14th amendment rights. Defendants never stated what in Plaintiff Charles background made him dangerous. Plaintiff Charles has never been convicted of any child abuse, drug dealing, or was a sex offender.

pg 11

31. Defendants then told Plaintiff Hedrick "Cps felt Chase would be safer with his grandmother and his father". Chase father Michael Napier was a known drug dealer/informant for the police, and was convicted of giving a woman high dosage of drugs, which ended up killing her.

32. Plaintiff Charles then interrupted and said, "you have a problem with my background and I'm black but you don't have a background problem with his father who sells drugs and kills people. Thats kind of racist don't you think?". Defendants then said "We're Cancelling the video conference" and hung up.

33. Plaintiff Hedrick, Charles, and Norman were discussing her cps case, and found out Plaintiff Hedrick had mental health problems, and discovered that Defendants were exploiting and abusing her rights, and decided they'd sit in on the next video Conference, especially Norman who was a lawyer.

34. A day after Defendants Cancelled the video conference, the defendants emailed Plaintiff emailed Plaintiff Hedrick an email stating, "They've petition the Courts to have her son Chase permanently moved.". The reason defendants had removed Plaintiff Hedrick Son Chase out of home, was in retaliation for Plaintiff Hedrick and Charles filing Complaints, writing blog articles, and complaining about

pg 12

defendant Bullers behavior. Plaintiff's had written a blog article which had gone viral, and had also complained to the Children's ombudsman. The defendants had retaliated in violation of Plaintiff's first amendment rights.

35. Plaintiff Hedrick and defendants Buller, Sabbatino, Bonds, McCarty, and other staff from Department of Family Services had scheduled a video conference with Plaintiff Hedrick. The defendants had their lawyer there. Plaintiff Hedrick had plaintiff Charles and Norman there. Defendants started asking Plaintiff Hedrick, "Who's there with you?". Plaintiff Hedrick replied "I have my lawyer there with me". Defendants stated, "You can't have a lawyer there with you!'". Defendants immediately cancelled the video conference, which proved that the defendants had been manipulating Plaintiff Hedrick for over a year. The minute Plaintiff Hedrick decided to have witnesses and legal help, defendants started not wanting to communicate effectively with Plaintiff Hedrick. Defendants knew Plaintiff Hedrick suffered from autism, ptsd, bipolar and took advantage of her disabilities, until her friends and business partners objected. Defendants knew they were violating Title II of 42 U.S.C § 122202, when they knew they had been manipulating Plaintiff Hedrick by reccommending programs and services they knew she didn't need and legally wasn't required to take. Defendants enrolled Plaintiff Hedrick into these programs for their Departments benefit

pg 13

and to get or maintain their current funding, staff members were required to keep a certain amount of individuals on these programs and services to meet their departments quota.

36. In mid October 2022, Plaintiff Hedrick and defendandant Buller had court, the case was continued. After Court defendant Buller told Plaintiff Hedrick, "The only way she'd get her son Chase back is if she filed charges on Plaintiff Charles". Defendant Buller also comitted perjury that day. by stating, "Plaintiff Charles never stated, he wanted to talk to her supervisor".

37. Plaintiff Hedrick told Plaintiff Charles. "Defendant Buller Comitted Perjury in court". Plaintiff Charles told defendant Bullers supervisors in an email, "Defendant Buller had lied and comitted perjury on the stand". Defendant Buller went and tried to get a protective order against Plaintiff Charles, in order to silence him from speaking out, but a Judge denied her request stating "Mr. Charles hasn't threatened or tried to hurt Defendant Buller". Defendant Buller attempt to violate Plaintiff Charles first amendment rights violated Due Process of his fourteenth amendment right, because defendant Buller had accused Plaintiff Charles of being dangerous without providing proof, then attempted

pg 14

to silence Plaintiff Charles for speaking out.

38. From Mid October 2022, Plaintiff Hedrick attempted to commit suicide several times, due to her son being taken away. Plaintiff Hedrick business partner, tells Plaintiff Charles "to go and stay with Plaintiff Hedrick for a while, until they figure out what to do. They don't want her hurting herself". Plaintiff Charles follows their advice.

39. On October 23, 2022 Plaintiff Hedrick filed false charges on Plaintiff Charles, because defendant Buller had told Plaintiff Hedrick, "The only way you'd get your son Chase back is if you file false charges on plaintiff Charles". Defendant Buller had gotten Plaintiff Hedrick to file false charges on Plaintiff Charles through extortion in violation of his fourth Amendment. Plaintiff Charles is ordered held without bond.

40. In Mid December 2022 Plaintiff Hedrick and Plaintiff Charles reached out to defendant Davidson and lodge a complaint with defendant Davidson, defendant Davidson had replaced defendant Buller after Plaintiff Charles accused her of commiting perjury. Plaintiff Charles asked defendant Lyle, "Why do cps still have Chase when Heather Buller lied on the stand in court and commited Perjury?"

Pg 15

Defendant Davidson never answers.

41. Defendant Davidson after getting off the phone with Plaintiff Charles. Calls defendant Lorraine Goldberg, who works for the Loudoun County Sheriff Office, and explains that Plaintiff Charles was a problem to him and his office. Defendants Goldberg, Buller, and Davidson then all conspired to make sure that Plaintiff Charles and Hedrick couldn't have no communication or have contact with each other.

42. On December 22, 2022 Plaintiff Hedrick wrote Cps and Department of Family Services an email stating "Cps encouraged Plaintiff Hedrick to give false statement about Plaintiff Charles and encouraged Plaintiff Hedrick to go file false Charges". Defendant Goldberg upon finding out Plaintiff Hedrick sent the email reached out to Captain David Wozniak, who worked inside the Jail. Defendant Goldberg asked Captain David Wozniak to put out a memorandum to Plaintiff Charles ordering Plaintiff Charles "To not contact Plaintiff Hedrick and Cps".

43. On December 27th 2022 Captain David Wozniak put out a memorandum to Plaintiff Charles stating "Plaintiff Charles is not allowed to call Plaintiff

pg 16

Hedrick and Cps". The memorandum violated Plaintiff Charles first Amendment rights. Defendants wanted to silence Plaintiff Charles, and wanted to make sure that he (Plaintiff Charles) had no contact with Plaintiff Hedrick. Plaintiff Hedrick had her Cps hearing on January 5th, 2023. Defendants had all conspired to make sure Plaintiff Hedrick didn't have Plaintiff Charles as a witness. The defendants violated 42 u.sc § 1985, by conspiring to deprive Plaintiff Hedrick of a fair hearing, and making sure she didn't have access to her main witness, who was going to testify on her behalf.

44. On December 29th 2022 Defendant Goldberg went and got an illegal protective Order on behalf of Plaintiff Hedrick without her knowing. Defendant Goldberg then made sure Plaintiff Hedrick and Plaintiff Charles couldn't Communicate through the Jail system. Defendant Goldberg had the Jail move Plaintiff Charles to admin Segregation. The Jail cut Plaintiff Charles access to the phones off without due Process violating Plaintiff 1st and 14th Amendment rights. Defendant Goldberg did defendants Buller, Davidson, Sabbitino, Bonds, McCarty favors by making sure Plaintiff Charles couldn't Show up for Court, on behalf of Plaintiff Hedrick. Defendant Goldberg then told Plaintiff Hedrick that "Plaintiff Charles was making Plans to kill her".

Defendant Goldberg knew what she had told Plaintiff Hedrick was a lie.

45. Defendant Goldberg proceeded with others from the Loudoun Commonwealth Attorney's Office to bribe Plaintiff Hedrick to commit perjury on Defendant Goldberg behalf. Defendant Goldberg offered Plaintiff Hedrick, "a house, money, and to get Chase back if she got on the stand and commited perjury on the Commonwealth behalf, by stating 'plaintiff Charles had broken her t.v and her bed.'". Plaintiff Hedrick agreed.

46. On January 10, 2023 Defendants Buller and Defendant Goldberg exchanged emails on how they could keep Plaintiff Charles, Plaintiff Hedrick away from each other, and how they could violate Plaintiff Charles first Amendment rights by helping Defendant Buller obtain a protective order. These were all plans to deprive and cheat Plaintiff Hedrick out of her cps case and Plaintiff Charles out of a fair hearing. Defendant Buller expressed how the Courts denied multiple attempts by her to get protective orders by Defendant Buller against Plaintiff Charles. Defendant Goldberg told defendant Buller how she could come testify on her behalf to get a protective order. Despite Defendant Goldberg attempts to help defendant Buller get protective orders, the courts

pg 18

still denied the protective orders.

47. Plaintiff Hedrick lost custody of Chase, due to Plaintiff Charles not being able to testify at her hearing. Defendants were successful in cutting off Plaintiff Hedrick and Plaintiff Charles communication off for over 2 months. Plaintiff Hedrick commited perjury on the defendants behalf on Febuary 2nd, 2023. The Judge found Plaintiff Charles not guilty of all charges. Plaintiff Hedrick later told Plaintiff Charles, "Defendant Goldberg bribed her along with the Loudoun Commonwealth Attorney's office.".

48. Defendant Mike Chapman was aware of defendant Lorraine Goldberg unprofessional behavior, defendant Chapman was made aware of defendant Goldberg behavior through email by both Plaintiff Charles and Hedrick, and didn't discipline defendant Goldberg. Defendant Goldberg is a policymaker for the Loudoun County Sheriff Office. Defendant Chapman is the policymaker for law enforcement for Loudoun County, his inaction and refusal to discipline defendant Goldberg means he agreed with her actions, which meant this was policy. Defendant Goldberg choosing to deprive Plaintiff Hedrick out of a fair hearing and Plaintiff Charles out of a fair trial violated their 4th and 14th amendment Due Process.

49. Defendant Goldberg was aware of Plaintiff Hedrick making allegations against defendant Buller extorting Plaintiff Hedrick with her son Chase and chose to help defendant Buller and Cps cover up a crime to benefit defendant County of Loudoun. Defendant Goldberg was more interested in looking good for the County, and helping the defendant County of Loudoun cover up a scandal, then to help a citizen of the United States with mental disabilities fight for her rights to her children. Defendant Goldberg, Buller, and Cps were aware of Plaintiff Hedrick disabilities and exploited them for their own gain violating Title 11 of the ADA.

50. Defendant Buller, Davidson, Bonds, Sabbatino were trying to cover up their coworkers misconduct. Their director Ina Fernandez was aware of what was going on, because the emails got forwarded to her. Ina Fernandez is a policy maker for defendant County of Loudoun, and her inaction in letting her staff interfere in Plaintiff Charles and Plaintiff Hedrick business relationship, knowing Plaintiff Hedrick had a written contract with Plaintiff Charles in regards to their business violated Plaintiff's first, nineth, and fourteenth amendment rights. Defendant Fernandez was aware of complaints and blog articles written about defendants conspiring to

P.20

deprive Plaintiff's of their rights to associate, and do business together. Plaintiff Charles was never a threat to Plaintiff Hedrick child.

51. Defendant Amelia Katherine Flynn works for the Loudoun Commonwealth Attorney's office, and has been working on behalf of defendant County of Loudoun to cover up defendants misconduct. Defendant Flynn has deliberately conspired with the County to deprive Plaintiff Charles of his right to a fair trial. Even after Plaintiff Hedrick told defendant Flynn and her office, "that Plaintiff Charles was innocent", defendant Flynn has continued to hold Plaintiff Charles in Jail. On April 10th, 2024 Plaintiff Hedrick testified Plaintiff Charles never assaulted, abducted, or strangled her, and that Plaintiff Hedrick lied to law enforcement. Defendant Flynn conspired with the County to violate Plaintiff Charles fourteenth Amendment right by keeping him in Jail. Defendant Anderson is aware of the situation and has allowed defendant Flynn to continue maliciously prosecute Plaintiff Charles because its in the interest of defendant Loudoun County. They violated Monell.

52. As a result a result of the misconduct hereinbefore described Plaintiff Hedrick and Charles experienced humiliation, emotional distress, pain and suffering.

Pg 21

53. On information and belief, the deprivation of right to which Plaintiff's was subjected was consistent with an institutionalized practice of the Loudoun County Department of Family Services, Loudoun County Sheriff Office, and Commonwealth Attorney's office, which was known to and ratified by the director, Sheriff, Commonwealth Attorney, and County, the defendants having at no time taken any effective action to prevent defendants from continuing to engage in such misconduct.

54. On information and belief, Director, Sheriff, and County had prior notice of the vicious propensities of defendants Heather Buller, and others, but took no steps to train them, correct their abuse of authority, or to discourage their unlawful use of authority. The failure to instruct them in applicable provisions of the Virginia State Penal Law.

55. On information and belief, defendants County, Director, and Sheriff authorized, tolerated as institutionalized practices, and ratified the misconduct hereinbefore detailed by:

(a) Failing to properly discipline, restrict, and control employees, including defendants Buller, Goldberg, and Davidson, etc known to be irresponsible

Pg 22

in their dealings with Citizens of the Community;

(B) Failing to take adequate precautions in hiring, promotion, and retention of Loudoun County employees and staff, including specifically defendants Buller, Davidson, and Goldberg

(C) Failing to forward to the office of the Commonwealth Attorney of Loudoun and Virginia evidence of Criminal acts Committed by defendants

(D) Failing to establish and/or assure the functioning of a bonafide and meaningful departmental system for dealing with Complaint of staff misconduct, but instead responding to such Complaints with bureaucratic power and official denials calculated to mislead the public. This Conduct Constitutes gross negligence under state law.

56. As a consequence of Abuse of Authority detailed above, plaintiff's sustained the damages hereinbefore alleged.

# FEDERAL CAUSES OF ACTION

57. The allegations set forth in paragraph 1 through 56 are repeated and realleged.

58. The hereinabove described actions and omissions, engaged in under color of state authority by the defendants, including defendant County, sued as a person, responsible because of its authorization, Condonation, and ratification thereof for the acts of its agents, deprived the Plaintiff's of rights secured to both of them by the Constitution of the United States including, but not limited to their first amendment right to freedom of expression and to associate, their fourth amendment right to be free from unlawful seizure of their children, their fifth and fourteenth amendment right to Due Process of law, and their eighth amendment right to be free from cruel and unusual punishment

# PENDENT CAUSES OF ACTION

59. The acts and conduct hereinbefore alleged Constitute false arrest and imprisonment, malicious prosecution, abuse of process, prima facie tort, Conspiracy tort, negligence, and gross negligence under laws of the State of Virginia. The Court has Pendent Jurisdiction to hear and adjudicate these Claims.

Pg 24

WHEREFORE, Plaintiff Charles and Hedrick, demands the following relief Jointly and severally, against all the defendants:

A. Compensatory damages in the amount of $1 billion Dollars

B Punitive damages in the amount of $1 billion Dollars

C. Such other and further relief as the Court may deem appropriate under the circumstances

Respectfully Submitted

Lawrence Charles Pro Se
Plaintiff
2001 Mill Road
Alexandria Virginia

Respectfully Submitted

Kathleen Hedrick Pro Se
Plaintiff
804 Cypress Way
Martinsburg, West Virginia 25401
571 596 1547

Pg 25